————o————

## No. 5910.

## DELMAR REALTY COMPANY vs. S. DILIBERTI.

### Syllabus.

1. It is not sufficient for one who claims a particular privilege to point out in a general way the articles on which he claims such privilege; he must make it certain that his privilege covers the very articles on which he claims it.

2. One who claims a particular privilege on the contents of an establishment, afterwards sold by the Sheriff in different lots, on some of which he has a privilege and on others not, must point out with certainty the particular lots to which his privilege extends.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 100,678. Hon. G. H. Theard, Judge.

Legier & Gleason and Ritayik, attorneys.

U. Marinoni, Jr., for plaintiff and appellant.

— 43 —

Dinkelspiel, Hart & Davey, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The issues in this case finally narrow themselves down to this: Has Mrs. Commander established with certainty that her vendor's privilege covers so fully the articles herein sold by the sheriff, that there was not sufficient besides, and unaffected by her privilege, to satisfy the claim and general privilege of the plaintiff as lessor. For if there was sufficient property unaffected by her privilege to satisfy plaintiff's claim, it is out of that property that plaintif's claim must first be satisfied (argument see C. P. 403; See also, Young vs. Muncy No. 1, 5 An., 736; and Denenbourg vs. Didion, 7 An. 344.) And in that case neither her own privilege nor that of plaintiff conflict at all with that of appellants, one of whom has also a vendor's privilege, and the other a mechanic's lien superior in any event to her own (C. C., 3127).

We do not think she has established that her vendor's privilege extended so far. It is not sufficient for one who claims a particular privilege to point out in a general way the articles on which he claims such privilege; he must make it certain that his privilege covers the very articles on which he claims it. Hamilton vs. His Creditors, 51 An., 1035.

In the case before us Mrs. Commander has established only in a general way that she sold the contents of a barroom and building to defendant about two years before the sheriff's sale. Her witnesses were able to testify to this only; that looking over a bill of sale to defendant and remembering the contents of the establishment, they

recognized many (let us say, most) of the articles, particularly the fixtures, as being the same as those covered by her bill of sale.

But the sheriff's proces-verbal contains above 91 different lots, each separately numbered, and scarcely a single one of these lots was particularly pointed out. Not even by inference can it be established that the whole, or even the greater part, of the articles sold were subject to her privilege. For instance, take at random items 14, 15, 22, 23, 27, 29, 31, 34, 35, 38, 42, 50, 60, to 64, 67, 78, 85; there is not a word in the testimony that all these articles were sold by Mrs. Commander to defendant. And it is all but certain that the following were not: Items 7, 16, 17, 18, 19, 26, 36, 39, 40, 44, 53, 76, 91.

Pretty much the same can be said of almost any other lot, even as to some which appear to be fixtures; for instance there is nothing to identify, say, items 11, 32, 45, 49, etc., as being the identical articles sold by her to defendant.

It is therefore simply impossible to discover with anything like certainty what articles were covered by her privilege and what not. It cannot even be eked out as **probable**, if indeed such a course were at all permissible.

Her privilege cannot then be allowed against appellants. As between herself and plaintiff, both appellees, we are without power to disturb it.

It is therefore ordered that the judgment appealed from be amended so as to recognize that the privilege of the National Cash Register Company to the extent of $125.00, one hundred and twenty-five dollars, and of the L. Grunewald Company to the extent of ($51.50) fifty-one 50/100 dollars, is superior to the claim of Mrs. Katherine Commander and of plaintiff and to direct that they be

paid in preference to and by priority over them, out of the proceeds of sale in the sheriff's hands. And as thus amended the judgment is affirmed, the appellees to pay costs of both courts.

Opinion and decree, December 22, 1913.

## On Application for Rehearing.

The decree heretofore handed down is amended by taxing the costs upon the mass instead of the appellees, in accordance with the agreement of record, and with that amendment both applications for rehearing are refused.

Opinion and decree on rehearing, January 12, 1914.

Writ denied, February 18, 1914.